IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY WALKER,<br>    Plaintiff, | |
| vs. | Civil Action No. 13-249J<br>Judge Kim R. Gibson/<br>Magistrate Judge Maureen P. Kelly |
| STEVEN R. GLUNT, *Superintendent*;<br>DORETTA CHENCHARICK, *Supt.*<br>*Asst./ Grievance Coordinator, SCI*<br>*Houtzdale*; CORRECTIONAL OFFICER<br>DIEHL; CORRECTIONAL OFFICER<br>UNCLES; LIEUTENANT GLASS;<br>SHIRLEY MOORE SMEAL, *Executive*<br>*Deputy Secretary;* JOHN E. WETZEL,<br>*Secretary*; CAPTAIN BRAUMBAUGH;<br>HEATHER MOORE, *Mail Room*<br>*Supervisor,*<br>    Defendants. | Re: ECF No. 28 |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

Plaintiff Terry Walker ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Houtzdale. Plaintiff has brought this civil rights action against Defendants Steven R. Glunt, *Superintendent* ("Glunt"), Doretta Chencharick, *Supt. Asst./Grievance Coordinator* ("Chencharick"), Correctional Officer Diehl ("Diehl"), Correctional Officer Uncles ("Uncles"), Lieutenant Glass ("Glass"), Shirley Moore Smeal, *Executive Deputy Secretary of DOC* ("Smeal"), John E. Wetzel, *Secretary of DOC* ("Wetzel"), Captain Braumbaugh ("Braumbaugh"), Heather Moore, *Mail Room Supervisor* ("Moore"), and the DOC, alleging that Defendants violated his rights provided by the Eighth Amendment to the United States Constitution by failing to protect him when they transferred an inmate into Plaintiff's cell knowing that the inmate had threatened to harm Plaintiff.

Presently before the Court is a Motion to Dismiss for Failure to State a Claim ("the Motion") submitted on behalf of Defendants. ECF No. 28. For the following reasons, it is respectfully recommended that the Motion be granted in part and denied in part.

## II.  REPORT

### A.  FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, on the morning of August 13, 2013, while the morning meal was being served, another inmate in the Restricted Housing Unit where Plaintiff was being housed, threatened to harm Plaintiff for being a snitch. ECF No. 21, ¶¶ 14-15, 17. Plaintiff contends that Defendants Diehl and Uncles heard the inmate make the threats but nevertheless transferred the inmate into Plaintiff's cell, watched as the inmate "savagely beat" Plaintiff while Plaintiff was handcuffed behind his back, and then returned the inmate back to his original cell. Id. at ¶¶ 16, 18-24. Plaintiff also alleges that Defendant Glass subsequently accused Plaintiff of fighting with Guzman and that Defendants Diehl, Uncles and Glass tried to conceal the attack by not allowing medical personnel to take any pictures or x-rays of Plaintiff or provide any other medical care to Plaintiff other than the seven stitches he received on his right forearm. Id. at ¶¶ 26, 28-29.

Plaintiff initiated this action on November 5, 2013, and the Complaint was filed on January 6, 2014. ECF Nos. 1, 6. On February 14, 2014, Plaintiff sought, and was granted, leave to file an Amended Complaint. ECF Nos. 12; 2/18/14 Text Order. Plaintiff filed an Amended Complaint on April 7, 2014, bringing claims against all Defendants for violating Plaintiff's rights provided by the Eighth Amendment.[1] Plaintiff also brings a claim against Defendant Moore

---

[1] Although Plaintiff also claims that Defendants' actions violated his rights provided by the Fourteenth Amendment, it is well established that where "a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir.

2

alleging that she removed a page from his original Complaint before it was sent to the Clerk of Court in violation of his right of access to the court provided by the First Amendment.

On May 28, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim, ECF No. 28, to which Plaintiff filed a Memorandum of Law and Response on June 23, 2014. ECF No. 31. Accordingly, the Motion is ripe for review.

B.     **STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224,

---

2010), *quoting* United States v. Lanier, 520 U.S. 259, 272 n.7 (1997). Thus, because Plaintiff's Fourteenth Amendment claims are encompassed by and would be duplicative of Plaintiff's more particular Eighth Amendment claim, Plaintiff's Fourteenth Amendment claims should be dismissed. See Goldhaber v. Higgins, 576 F. Supp. 2d 694, 727 (W.D. Pa. 2007).

3

231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

B.     DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423. Here, Plaintiff alleges that Defendants violated his rights provided by the Eighth Amendment and that Defendant Moore violated his rights under the First Amendment.

### 1.     Claims against Defendants DOC and SCI Houtzdale

Although Defendants acknowledge that Plaintiff has alleged sufficient facts with respect to his Eighth Amendment claims to survive a motion to dismiss, they nevertheless argue that Plaintiff's Eighth Amendment claims brought against the DOC and SCI Houtzdale should be

4

dismissed because they are barred by the Eleventh Amendment. Plaintiff, rightfully so, has conceded that these claims are properly dismissed. ECF No. 31, p. 3. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (it is well established that the Eleventh Amendment bars money damages sought against a State or state official acting in his or her official capacity absent the consent of the State or a valid abrogation by Congress); Edelman v. Jordan, 415 U.S. 651, 663 (1974) (absent consent by a state, the Eleventh Amendment bars a civil rights suit in federal court against a state, or a department or agency of the state having no existence apart from the state as a defendant); 42 Pa. C.S.A. § 8521(b) ("Federal courts. Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"). See also Lavia v. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). Thus, Defendants' Motion to Dismiss as to the Eighth Amendment claims against the DOC and SCI Houtzdale should be granted.

**2.     Claims against Defendants Wetzel, Smeal, Glunt and Chencharick**

Defendants also argue that Defendants Wetzel, Smeal, Glunt, and Chencharick should be dismissed from the instant action because Plaintiff has failed to allege facts from which it could be inferred that they were personally involved or had actual knowledge of and acquiesced to the commission of the alleged wrongdoing. The Court agrees.

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and

5

acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). See Ruff v. Health Care Adm'r, 441 F. App'x 843, 846 (3d Cir. 2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have some personal involvement in the underlying unconstitutional conduct"). See also Kaucher v. County of Bucks, 455 F.3d 418, 432 n.7 (3d Cir. 2006), *quoting* Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d Cir. 2005) ("[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights").

Thus, "'[an individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d at 353, *quoting* Rode v. Dellarciprete, 845 F.2d at 1207. See Baraka v. McGreevey, 481 F.3d at 210 (a supervisor can only be held liable if his or her own actions resulted in the constitutional injury). Supervisory liability will be found under one of several theories. "First, supervisors may be liable if, with deliberate indifference to the consequences, they 'established and maintained a policy, practice or custom which directly caused the constitutional harm.'" Plouffe v. Cevallos, 2012 WL 1994785, at *4 (E.D. Pa. June 1, 2012), *quoting* Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010). See Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011). "A government policy . . . . is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990), *quoting* Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." Id. *quoting* Monell v. Dep't of Soc. Services, 436 U.S. 658, 690

(1978). In either instance, the plaintiff must show that a policymaker is responsible either for the policy or, through acquiescence, for the custom. Id.

Second, a supervisor may be found liable where he or she "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." Plouffe v. Cevallos, 2012 WL 1994785, at *4, *quoting* Santiago v. Warminster Twp., 629 F.3d at 129 n.5. See Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d at 72. Under either theory, there must be both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's assertion could be found to have communicated a message of approval to the offending subordinate. Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988), *impliedly overruled on other grounds by* Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993).

It is also well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct. Rode v. Dellarciprete, 845 F.2d at 1207. See Ramos v. Pennsylvania Dep't of Corr., 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) ("review and denial of the grievances and subsequent administrative appeal conducted does not establish personal involvement by those Defendants in the alleged underlying unconstitutional conduct"); Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W.D. Pa. July 11, 2006) (finding that allegations that the defendants denied the plaintiff's appeal of his grievance was insufficient to establish the defendant's personal involvement in the challenged conduct); Watkins v. Horn, 1997 WL 566080, at *4 (E.D. Pa. Sept. 5, 1997) (concurrence in an administrative appeal process is not sufficient to establish personal involvement).

In the case at bar, Plaintiff seeks to hold Defendants Wetzel and Smeal liable in their supervisory capacities, see ECF No. 21, ¶¶ 4, 5, 46, but has failed to identify a policy or custom established or maintained by either Wetzel or Smeal that allegedly caused the constitutional harm to Plaintiff. Nor has Plaintiff alleged any facts from which it could be surmised that either Wetzel or Smeal had knowledge that the alleged violation at issue was taking place and acquiesced to it, or that there was a prior pattern of similar incidents that Wetzel and/or Smeal were aware of and conveyed a message of approval relative to those incidents. Plaintiff therefore has failed to set forth sufficient facts to raise his right to relief against Wetzel and Smeal above the speculative level and the claims brought against them are properly dismissed.

Further, the allegations set forth in the Amended Complaint against Defendants Glunt and Chencharick show that their only knowledge of the alleged incident was through reviewing and responding to the grievance that Plaintiff subsequently filed. See ECF No. 21, ¶¶ 31, 35, 41, 43, 47. These assertions are insufficient to show that either Glunt or Chencharick were personally involved in the alleged wrongdoing and the claims brought against them should be dismissed as well.

### 3. Claims against Defendant Moore

As previously discussed, Plaintiff has alleged that Moore removed a page from Plaintiff's original Complaint before it was mailed to the Clerk of Court thereby violating his right of access to the court provided by the First Amendment. Defendants contend that Plaintiff's claim should be dismissed because Plaintiff has failed to show that he has suffered any injury as the result of Moore's alleged conduct. See Watson v. Fisher, 558 F. App'x 141, 143 (3d Cir. 2014), *citing* Lewis v. Casey, 518 U.S. 343, 352–54 (1996) ("[t]o establish a cognizable access-to-the-courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to

8

present a claim"). Although Plaintiff has stated in his brief filed in response to the instant Motion that his access to the court claim "was a misprint in [his] amended complaint," it is not clear that Plaintiff is conceding the issue.

Nevertheless, it appears that Plaintiff's original Complaint, which was filed on January 6, 2014, was indeed missing page 3. See ECF No. 6. Plaintiff, however, subsequently requested and was granted leave to file an Amended Complaint, which he filed on April 7, 2014. ECF Nos. 12, 21; 2/18/2014 Text Order.[2] The Amended Complaint is now the operative complaint and the subject of the instant Motion. Because the Amended Complaint is fully intact, it appears that Plaintiff is unable to show any injury resulting from Moore's purported actions. As such, Defendants' Motion in this regard is properly granted.

### 4. Plaintiff's State Law Claims

Defendants also argue that to the extent Plaintiff has brought claims against them pursuant to state law, those claims are subject to dismissal because they are barred by the doctrine of sovereign immunity which was codified at 1 Pa. C.S.A. § 2310.[3] Section 2310 provides that:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa. C.S.A. § 2310. Defendants argue that, although the Pennsylvania General Assembly has delineated nine exceptions to the Commonwealth's immunity and that of its employees, none of

---

[2] Plaintiff had also filed a Motion to Correct Complaint so as to add the missing page. Because, however, Plaintiff was granted leave to amend the Complaint, his Motion to Correct Complaint was subsequently terminated as moot by the Court. See ECF No. 11.

[3] Although not entirely clear from the Amended Complaint, it appears that the only state law claim asserted by Plaintiff is for intentional infliction of emotional distress. See ECF No. 21, ¶ 45.

9

them apply here.[4] Defendants therefore conclude that they are entitled to the protection afforded by the doctrine of sovereign immunity and any state law claims Plaintiff purports to raise should be dismissed.

The difficulty with Defendants argument, however, is that they are only entitled to sovereign immunity to the extent that they were acting "within the scope of their duties." Id. Defendants have not argued that the acts they allegedly engaged in were within the scope of their duties and it is not at all clear at this juncture that they can be categorized as such. Viera v. Wenerowicz, 2011 WL 3584769 , at *6 (M.D. Pa. Aug. 15, 2011), *citing* Restatement (Second) of Agency § 228; Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (stating that Pennsylvania Supreme Court has adopted the Restatement's definition of "within the scope of employment") ("[u]nder Pennsylvania law, an action falls within the scope of employment if it: (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer"). See Brown v. Lewis, 865 F. Supp. 2d 642, 649 (E.D. Pa. 2011). As such, Defendants' Motion in this regard should be denied.

C.     **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss for Failure to State a Claim submitted on behalf of Defendants, ECF No. 28, be granted in part and denied in part. It is recommended that the Motion be granted with respect to the claims brought against Defendants DOC, SCI Houtzdale, Wetzel, Smeal, Glunt, Chencharick and Moore and

---

[4] Specifically, those exceptions are: (1) vehicle liability; (2) medical/professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoid and vaccines. 42 Pa. C.S.A. §8522(b).

10

that these Defendants be dismissed from the case. It is further recommended that the Motion be denied with respect to Plaintiff's state law claim for intentional infliction of emotional distress.[5]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                          RESPECTFULLY SUBMITTED,

                                          /s/ Maureen P. Kelly
                                          MAUREEN P. KELLY
                                          UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2014

cc:     The Honorable Kim R. Gibson
       United States District Judge

       Terry Walker
       HW-1365
       SCI Houtzdale
       P.O. Box 1000
       Houtzdale, PA 16698-1000

       All Counsel f Record via CM/ECF

---

[5] Accordingly, the only claims remaining in the case are Plaintiff's Eighth Amendment claims and state law claims for intentional infliction of emotional distress brought against Defendants Diehl, Uncles, Glass and Braumbaugh.