IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY WALKER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-249J |
| | ) | Judge Kim R. Gibson/ |
| STEVEN R. GLUNT, *Superintendent*; | ) | Magistrate Judge Maureen P. Kelly |
| DORETTA CHENCHARICK, *Supt.* | ) | |
| *Asst./ Grievance Coordinator, SCI* | ) | |
| *Houtzdale*; CORRECTIONAL OFFICER | ) | |
| DIEHL; CORRECTIONAL OFFICER | ) | |
| UNCLES; LIEUTENANT GLASS; | ) | |
| SHIRLEY MOORE SMEAL, *Executive* | ) | |
| *Deputy Secretary;* JOHN E. WETZEL, | ) | |
| *Secretary*; CAPTAIN BRAUMBAUGH; | ) | Re: ECF No. 64 |
| HEATHER MOORE, *Mail Room* | ) | |
| *Supervisor,* | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

Plaintiff Terry Walker ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently incarcerated at the State Correctional Institution ("SCI") at Frackville. Plaintiff has brought this civil rights action against Defendants Correctional Officer Diehl ("Diehl"), Correctional Officer Uncles ("Uncles"), Lieutenant Glass ("Glass"), and Captain Braumbaugh ("Braumbaugh") (collectively, "Defendants"), alleging that Defendants violated his rights provided by the Eighth Amendment to the United States Constitution while Plaintiff was incarcerated at SCI Houtzdale by failing to protect him when they transferred another inmate, Christian Guzman ("Guzman") into Plaintiff's cell knowing that Guzman had threatened to harm Plaintiff.[1]

---

[1] The other Defendants named in the Amended Complaint were dismissed from this action pursuant to a Motion to Dismiss previously filed. See ECF Nos. 28, 34, 40.

Presently before the Court is a Motion for Summary Judgment ("the Motion") submitted on behalf of Defendants. ECF No. 64. For the following reasons, it is respectfully recommended that the Motion be granted.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, on the morning of August 13, 2013, while the morning meal was being served in the Restricted Housing Unit where Plaintiff was being housed, Guzman threatened to harm Plaintiff for being a snitch. ECF No. 21, ¶¶ 14-15, 17. Plaintiff contends that Defendants Diehl and Uncles heard Guzman make the threats but nevertheless transferred Guzman into Plaintiff's cell, watched as Guzman "savagely beat" Plaintiff while Plaintiff was handcuffed behind his back, and then returned Guzman back to his original cell. Id. at ¶¶ 16, 18-24. Plaintiff also alleges that Defendant Glass subsequently accused Plaintiff of fighting with Guzman and that Defendants Diehl, Uncles and Glass tried to conceal the attack by not allowing medical personnel to take any pictures or x-rays of Plaintiff and by not providing him with any other medical care other than the seven stitches he received on his right forearm. Id. at ¶¶ 26, 28-29.

Plaintiff initiated this action on November 5, 2013, and the Complaint was filed on January 6, 2014. ECF Nos. 1, 6. On February 14, 2014, Plaintiff sought, and was granted, leave to file an Amended Complaint. ECF Nos. 12; 2/18/14 Text Order. Plaintiff filed an Amended Complaint on April 7, 2014, and on May 28, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 28. The Motion to Dismiss was granted in part and denied in part leaving for adjudication Plaintiff's claims brought against Defendants Braumbaugh, Diehl, Uncles and Glass for failing to protect Plaintiff in violation of his rights provided by the Eighth

Amendment and state laws claims for intentional infliction of emotional distress. See ECF Nos. 34, 40.

On July, 8, 2015, Defendants filed a Motion for Summary Judgment, ECF No. 64, to which Plaintiff ultimately filed a Memorandum of Law/Opposition Brief to Defendants' Motion for Summary Judgment on October 26, 2015, and a Supplemental Brief in Opposition on January 11, 2016. ECF Nos. 87, 99. Accordingly, Defendants' Motion for Summary Judgment is ripe for review.

B.     **STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007), *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir.

3

2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007), *quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

### C. DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United

States." Id. at 423. Here, as noted above, Plaintiff alleges that Defendants violated his rights provided by the Eighth Amendment.

1. **Eighth Amendment Claims**

a. **Claims against Defendant Braumbaugh**

Defendants argue that the claims brought against Braumbaugh are subject to summary judgment because Plaintiff has failed to produce evidence from which it could be inferred that Braumbaugh was personally involved or had actual knowledge of, and acquiesced to, the commission of the constitutional violation. The Court agrees.

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Thus, an individual government defendant cannot be found liable solely on the operation of *respondeat superior*. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Id. See Ruff v. Health Care Adm'r, 441 F. App'x 843, 846 (3d Cir. 2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have some personal involvement in the underlying unconstitutional conduct"). See also Kaucher v. Cnty. of Bucks, 455 F.3d at 432 n.7, *quoting* Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d Cir. 2005) ("[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights").

It is also well established that participating in the grievance process or another administrative appeal process within the prison system is not sufficient to show the actual

5

knowledge necessary for a defendant to be found personally involved in the unlawful conduct. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) ("a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right"); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Hennis v. Varner, 2014 WL 1317556, at *9 (W.D. Pa. Mar. 31, 2014) ("participation in a prison's other administrative appeals processes, such as misconduct and prison review committee appeals, is an insufficient basis for personal involvement"); Tarselli v. Harkleroad, 2012 WL 603219, at *5 (W.D. Pa. Feb. 23, 2012) (finding that the defendants' "'involvement' was limited to the roles each played in responding to Plaintiff's grievance and appeals, which is insufficient to establish personal involvement under section 1983"). Similarly, submitting an inmate request slip reporting an alleged constitutional violation that has already occurred is insufficient to establish the personal involvement on the part of the individual to whom the request slip was submitted. Enlow v. Beard, 2013 WL 5332139, at *5 (W.D. Pa. Sept. 23, 2013) ("Plaintiff has not shown personal involvement on the part of the Defendants to whom he allegedly sent inmate request slips").

Here, Plaintiff's allegations in the Amended Complaint relative to Defendant Braumbaugh are contained in two paragraphs:

> 40. Plaintiff filed a grievance in regards to him being attacked on 8/19/13. Plaintiff also submitted a request-slip to the Captain Braumbaugh of security on that said date also. In which Captain Braumbaugh never bothered to answer Plaintiff's request-slip.

\* \* \*

> 42. Intelligence Captain Mr. Braumbaugh became liable after correspondence was sent to his office via request slip. To present date Captain Braumbaugh still has not given a response to said request slip which is institution procedure for complaints.

ECF No. 21, ¶¶ 40, 42. It appears clear from these assertions that Plaintiff seeks to hold Braumbaugh liable for failing to respond to Plaintiff's request slips which is insufficient to establish personal involvement in the alleged constitutional violation. As such, Braumbaugh is entitled to Summary Judgment on Plaintiff's Eighth Amendment Claim.

### b. Claims against Defendants Diehl, Uncles and Glass

Plaintiff alleges in the Amended Complaint that Diehl and Uncles overheard inmate Guzman threaten Plaintiff with bodily harm and that Diehl subsequently "orchestrated" a cell transfer so as to place Guzman in Plaintiff's cell. ECF No. 21, ¶¶ 14-24. In addition, Plaintiff alleges that Diehl, Uncles and Glass conspired to cover up the incident after Guzman assaulted Plaintiff. Id. at ¶¶ 29-30, 34-35. Defendants argue that they are entitled to summary judgment because Plaintiff is unable to show that they had any reason to believe that Plaintiff's health or safety had been threatened or that he was in jeopardy by moving Guzman into Plaintiff's cell. The Court need not reach Defendants' argument, however, as it appears clear that Plaintiff's Eighth Amendment claims brought against Defendants Diehl, Uncles and Glass are barred under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), as Plaintiff has failed to exhaust his administrative remedies relative to those claims.[2]

---

[2] Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, the United States Court of Appeals for the Third Circuit has recognized that "a district court has the inherent power to dismiss sua sponte a complaint such as this one which facially violates a bar to suit." Pena-Ruiz v. Solorzano, 281 F. App'x 110, 112 (3d Cir. 2008), citing Ray v. Kertes, 285 F.3d 287, 295 n.5 (3d Cir. 2002). See also Serrano-Gomez v. Houtzdale Correction Facility, 2016 WL 258519, at *1 n.1 (3d Cir. Jan. 21, 2016).

7

The PLRA requires a prisoner filing a Section 1983 action to exhaust all administrative remedies before filing a claim in federal court.[3] Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). See Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("it is beyond the power of the court to excuse compliance with the exhaustion requirement"). In order to properly exhaust his or her administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). The DOC's Grievance System Policy, DC–ADM 804, sets out a three-step grievance and appeals process. First, an inmate is required to legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to "initial review." Spruill v. Gillis, 372 F.3d at 232, 233. Second, after the initial review by a grievance officer, the inmate has the opportunity to appeal to the Facility Administrator for a second level of review. Id. at p. 232. Finally, an appeal to the Secretary's Office of Inmate Grievances and Appeals is available. Id.

In addition, the United States Court of Appeals for the Third Circuit has found that the PLRA's exhaustion requirement includes a procedural default component which requires more than "simple" exhaustion; it requires "proper" exhaustion. Id. at 228, 230. Thus, where the inmate fails to specifically name the accused individual in the grievance or where the grievance is untimely or otherwise defective, claims against an accused individual are procedurally defaulted. Id. at 234. See Woodford v. Ngo, 548 U.S. at 90-91 (exhaustion of administrative remedies under the PLRA requires "using all steps that the agency holds out," and "demands

---

[3] Specifically, the PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

8

compliance with an agency's deadlines and other critical procedural rules") (internal quotations and citations omitted).

In the case bar, it appears clear from the face of the Amended Complaint, as well as the documents Plaintiff has submitted to the Court in support of his allegations set forth therein, that Plaintiff has not only failed to exhaust his administrative remedies but that he has procedurally defaulted his claims against Defendants Diehl, Uncles and Glass. Although Plaintiff has alleged in the Amended Complaint that he filed a grievance regarding the alleged assault by Guzman, he also acknowledges that the grievance was rejected because the signature on the grievance did not match Plaintiff's signature and thus did not comply with the DOC's procedural rules governing grievances.[4] See ECF No. 21, ¶¶ 40-41. See also ECF No. 99-1, pp. 17-19. Moreover, that finding was upheld on both the second and final level of review. See ECF No. 21, ¶43; ECF No. 99-1, pp. 21, 23. Under these circumstances, it appears clear that Plaintiff has procedurally defaulted his claims relative to Defendants Diehl, Uncles and Glass and they are properly dismissed.[5]

Further Plaintiff's assertions that Defendants Diehl, Uncles and Glass conspired to have his grievance rejected does not serve to resurrect Plaintiff's claims. Plaintiff has not presented any evidence from which it could be inferred that any of the Defendants agreed, plotted or even had a conversation relative to violating Plaintiff's constitutional rights. See Watson v. Sec'y Pa. Dep't of Corr., 436 F. App'x 131, 137 (3d Cir. 2011), *quoting* Bailey v. Bd. of Cnty. Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992) ("[a]s 'the linchpin for conspiracy is agreement,' concerted

---

[4] More specifically, it was determined that the handwriting and signature on the grievance matched those of another inmate, who made frequent filings within the prison, and not that of Plaintiff. See ECF No. 99-1, pp. 11, 21.

[5] It should also be noted here that Defendant Glass is not mentioned at all in Plaintiff's grievance and thus Plaintiff has failed to properly exhaust his claims against Glass on this basis as well. See Spruill v. Gillis, 372 F.3d at 234. See also ECF No. 99-1, pp. 17-18. Moreover, although the Court need not reach the issue, the same is true with respect to Defendant Braumbaugh. Id.

action, without more, cannot suffice to state a conspiracy claim"); Adee v. Beard, 2012 WL 383622, at *7 (M.D. Pa. Feb. 6, 2012) ("[a] plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a federally protected right"). See also Startzell v. City of Phila., 533 F.3d 183, 205 (3d Cir. 2008), *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970) ("[t]o constitute a conspiracy, there must be a 'meeting of the minds'"). Thus, Plaintiff's mere conclusion that Defendants conspired to have his grievance rejected fails to further Plaintiff's claims.

Moreover, as previously discussed, the evidence that Plaintiff has submitted to the Court shows that his grievance was rejected because another inmate, Gerry Mobley, wrote and signed the grievance. See ECF No. 99-1, p. 11. That specific finding was upheld on the final level of appeal by Chief Grievance Officer Dorinda Varner, who not only conducted her own investigation into the handwriting issue but was never a defendant in this action. Id. at pp. 11, 23. Thus, the record shows that the denial of Plaintiff's grievance was not the result of a conspiracy engaged in by Defendants but rather was due to Plaintiff's failure to abide by the requisite grievance procedures.[6] Plaintiff's claims against Defendants Diehl, Uncles and Glass therefore remain procedurally defaulted and Defendants are entitled to summary judgment.

### 2. The Loss of Plaintiff's Legal Property

The Court is compelled at this juncture to address an on-going issue in this case which, at first blush, appears to impact Plaintiff's ability to respond to Defendants' Motion for Summary Judgment and/or the Court's ability to resolve the Motion: *i.e.*, the apparent loss of two boxes of Plaintiff's legal documents.

---

[6] Notwithstanding that Plaintiff's claims are clearly procedurally defaulted, to the extent that Plaintiff feels that he has not been given an opportunity to address the issue, he may do so in any objections he chooses to file in response to this Report and Recommendation.

The record demonstrates that Plaintiff was transferred on May 15, 2015, from SCI Houtzdale, where the underlying incident at issue in this case occurred, to SCI Frackville. At the time of his transfer, Plaintiff was permitted to take two boxes of his property with him and the remaining three boxes of his property, which apparently included two boxes of Plaintiff's personal property and one box of commissary, were subsequently sent to him on May 19, 2015. See ECF No. 82, ¶¶ 6, 7; ECF No. 82-1, p. 2. It appears undisputed, however, that Plaintiff never received the three boxes that were subsequently sent to him and that they cannot be located by the DOC. Plaintiff contends that the loss of these boxes, which apparently included legal documents, has impeded his ability to respond to Defendants' Motion for Summary Judgment and thus the Court's ability to adjudicate the matter. Plaintiff's argument, however, is unavailing for a number of reasons.

First, as set forth above, Defendants' Motion was adjudicated on the grounds that Plaintiff failed to exhaust his administrative remedies as is evident from the face of the Amended Complaint and the documents Plaintiff has submitted to support the allegations contained therein. Because Plaintiff's claims have been disposed of without reaching the merits of his claims, the absence of any documents that speak to those claims is of no moment.

Second, it is clear from the record that on December 21, 2015, Defendants provided Plaintiff with a second copy of the documents that were produced to Plaintiff during discovery and Plaintiff was subsequently given additional time within which to supplement his response to Defendants' Motion for Summary Judgment. See ECF No. 96; ECF No. 97, ¶ 2; ECF No. 98. Thus, all the documents that were provided to Plaintiff during discovery and subsequently lost during his transfer to SCI Frackville were nevertheless available to Plaintiff when he responded to Defendants' Motion. Indeed, Plaintiff has, in fact, submitted a number of documents along

with his filings offered in opposition to Defendants' Motion. See ECF Nos. 85-1; 85-3; 85-4; 89, 90, 90-1; 90-2; 99-1, pp. 1-31.

Third, the only evidence and/or documents relative to this case that Plaintiff identifies as missing are "two (2) *more* declarations from eyewitnesses" to the August 13, 2013 incident upon which this lawsuit is based. See ECF No. 99, p. 3 (emphasis added). As previously discussed, however, the Court disposed of Defendants' Motion for Summary Judgment without having to address the merits of Plaintiff's claims and thus did not have to consider, and indeed did not consider, the declaration Plaintiff submitted in defense of his claims and would not have considered the two declarations that are apparently missing. Plaintiff therefore has not been prejudiced by the unavailability of the two declarations to which he refers, particularly as they would appear to have been cumulative to the declaration Plaintiff did submit. See ECF No. 89.

Finally, to the extent that Plaintiff accuses certain "personnel" at SCI Frackville from intentionally withholding Plaintiff's boxes of legal material in order to sabotage the instant litigation, the argument is equally unavailing. See ECF No. 91, p. 2. Not only has Plaintiff failed to identify any personnel who may have has access or interfered with the delivery of the missing boxes, but he has not argued or provided the Court with any evidence that anyone at SCF Frackville was even aware of Plaintiff's pending litigation, which has been brought against personnel employed at SCI Houtzdale, at the time the boxes were transferred. Under these circumstances, the Court is unable to find that the loss of Plaintiff's two boxes of legal material had any impact on Plaintiff's ability to defend against Defendants' Motion to Dismiss or the Court's ability to properly address the Motion.[7]

---

[7] To the extent that Plaintiff also suggests that Defendants failed to respond to his discovery requests in the first instance, the record is to the contrary. Not only did Defendants respond to Plaintiff's request for the Production of Documents on February 12, 2015, but on December 21, 2015, following the loss of Plaintiff's boxes, Defendants provided Plaintiff with a second copy of the discovery previously provided. See ECF No. 49; 96, p. 1; 97, p. 1.

### 3. State Law Claims

Having found that plaintiffs are unable to sustain their Section 1983 claims against any of the Defendants it appears that only Plaintiff's state law claims for intentional infliction of emotional distress remain. Where all claims over which the Court has original jurisdiction have been dismissed, however, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted). See Noble v. Gaston, 2009 WL 198252, at *5 (Jan. 27, 2009).

Here, there does not appear to be any extraordinary circumstances surrounding this case which would warrant the exercise of supplemental jurisdiction over Plaintiff's state law claims for intentional infliction of emotional distress and thus the Court should decline to do so.

### C. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion for Summary Judgment, ECF No. 64, be granted.

---

Moreover, discovery closed on March 22, 2015. See ECF No. 42. At no time during the five weeks between Defendants responding to Plaintiff's discovery requests and the close of discovery did Plaintiff complain that Defendants failed to respond to his requests or that their discovery responses were incomplete or otherwise inadequate. Indeed, the first time Plaintiff complained that he did not receive all the documents he requested during discovery was on September 8, 2015, over five months after discovery closed. See ECF No. 76. During that same five months, Plaintiff filed three motions and/or correspondence with the Court concerning his missing boxes without mentioning Defendants' alleged failure to respond to his discovery requests. See ECF Nos. 60, 68, 73. This notwithstanding, it appears from the record that Plaintiff's complaint is not that Defendants failed to respond to Plaintiff's discovery requests but that Plaintiff simply did not get the responses that he would have liked. See ECF No. 99-1, pp. 24-30. Indeed, it cannot be disputed that Defendants objected to certain discovery requests for a variety of reasons including relevance, privilege, lack of clarity, and potential security risks. See ECF No. 99-1, pp. 28-30. If Plaintiff was dissatisfied with Defendants' responses, however, the time to seek intervention by the Court was while discovery was still in progress. Any objections that Plaintiff now has to Defendants' discovery responses are untimely.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully Submitted,

    <u>/s/ Maureen P. Kelly</u>
    MAUREEN P. KELLY
    UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2016

cc:     The Honorable Kim R. Gibson
    United States District Judge

    Terry Walker
    HW-1365
    SCI Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000

    All Counsel f Record via CM/ECF